UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LIBERTY MUTUAL FIRE INSURANCE COMPANY                                PLAINTIFF

V.                                                          Civil No. 1:17-cv-00010-GHD-DAS

FOWLKES PLUMBING, LLC, QUALITY
HEAT & AIR, INC., and SULLIVAN ENTERPRISES, INC.                     DEFENDANTS

## MEMORANDUM OPINION

This Court has previously denied Defendants' motions for summary judgment and reconsideration because it found that the agreements entered into between the Chickasaw County School District and Defendants did not waive subrogation rights for certain property damaged in a fire. Thus, the School District's insurer, Liberty Mutual, retained rights to recover for those damages and could continue their suit against Defendants.

Defendants now ask this Court for permission to appeal those orders [Doc. Nos. 114, 125]. Defendants further request this Court recommend the Fifth Circuit Court of Appeals certify the waiver of subrogation question to Mississippi Supreme Court. For the foregoing reasons, the Court finds the motion [127] should be granted.

### Background

In May 2015, nonparty Chickasaw County School District entered into a contractual agreement ("Agreement" or "the Agreement") with Defendant Sullivan Enterprises to perform window restoration work on the Houlka Attendance Center. *See* Affidavit of Dr. Betsy Collums [Doc. No. 107-1] at ¶ 7; Document A101-2007, Agreement between Chickasaw County School District and Sullivan Enterprises, Inc. [Doc. No. 107-2, Exhibit A]. On July 30, 2015, while

1

construction work was ongoing a fire began that consumed the entire Houlka Attendance Center Building. Collums Aff. at ¶ 11.

As a result of this fire, Plaintiff Liberty Mutual, the school district's property insurer, paid the school district $4.3 million for the damages caused to the building. Affidavit of Jay Goldstein [Doc. No. 107-4] at ¶ 13. Liberty Mutual then brought this subrogation action against the Defendants, alleging that their negligence started the fire and seeking to recover insurance proceeds it paid out to the School District.

In their motion for summary judgment, Defendants argued that the Agreement between Sullivan Enterprises, the contractor, and the School District provided a waiver of subrogation for the claims at hand. This Court found that the waiver of subrogation provision only extended to damages of property considered to be "Work" property as defined by the Agreement. As a result, the Agreement did not prevent Liberty Mutual from seeking recovery for damages to non-Work property. Therefore, this Court denied Defendants' motion with respect to Liberty Mutual's claims for those damages.

To reach that decision, this Court had to decide whether the scope of the provision was determined by the nature of property damaged—an approach often described as the "minority" approach and described by this Court as the "damage type" approach—or by which insurance policy paid for the damages, described as the "majority" or "insurance source" approach. *See Trinity Universal Ins. Co. v. Bill Cox Const.*, 75 S.W.3d 6, 11-12 (Tex. Civ. App. 2001). The Court found the "damage type" approach applicable and therefore found that the waiver of subrogation provision did not prevent Liberty Mutual from seeking to recover damages it paid for non-Work property.

As a result, the Court granted Defendants' motion with respect to damages for Work property and denied the motion with respect to damages for non-Work property. Defendants moved for reconsideration of that order, which this Court denied. Defendants now seek to appeal those orders.

## 28 U.S.C. § 1292(b) Standard

28 U.S.C. § 1292(b) provides that a district court may grant a party permission to file an appeal of an otherwise non-appealable order when the Court finds the order: (1) involves a controlling question of law; (2) the question must be one where there is a substantial ground for a difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of litigation. To certify an order for interlocutory appeal, all three criteria must be met. *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. Unit A Apr. 1981). Such appeals are "not favored" and courts should "strictly construe statutes permitting them." *Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288, 292 (5th Cir. 2007) (citing *Complaint of Ingram Towing Co.*, 59 F.3d 415, 515 (5th Cir. 1995)).

## Analysis

### 1. Is there a controlling question of law?

The Court must first consider whether there is a controlling question of law. While section 1292(b) "authorizes certification of orders for interlocutory appeal, not certification of questions," it is nonetheless "helpful if the district judge frames the controlling question(s) that the judge believes is presented by the order being certified." *Linton v. Shell Oil Co.*, 563 F.3d 556, 557 (5th Cir. 2009)(per curiam).

The question presented by the orders Defendants seek to appeal is:

> Does the waiver of subrogation provision found in section 11.3.5 of American Institute of Architects Document A201-2007 applies only to damages to property defined as "Work" within the document?

The court must determine, then, if this is a question of law, and if so, if it is controlling in this matter.

"In the interlocutory-appeal context, '[t]he question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.'" *Thompson v. N. Mississippi Spine Ctr., Inc.*, No. 3:16-CV-00063-NBB, 2017 WL 1226058, at *1 (N.D. Miss. Mar. 30, 2017) (quoting *In re Royce Homes LP*, 466 B.R. 81, 94 (S.D. Tex. 2012). "Questions concerning the construction of contracts are questions of law" in Mississippi. *Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.* 856 So. 2d 748, 752 (Miss. 2003). Thus, the issue presented is a question of law.

In determining whether an issue is controlling, a court may consider "its potential to have some impact on the course of litigation," and whether it has "precedential impact for a large number of cases," or whether the issue "would have little or no effect on subsequent proceedings." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006)(citations omitted).

This question will have a substantial impact on this litigation. A holding that the waiver of subrogation provision extends to all damages would severely limit, if not entirely preclude, Liberty Mutual's right to recovery in this matter. Further, AIA form contracts such as the one in this case are widely used in the commercial construction industry, and so an appellate decision in this case would have a precedential impact on many disputes. This criterion is satisfied.

### 2. Is there a substantial ground for a difference of opinion?

The Court must next consider whether a substantial ground for a difference of opinion on the question exists. District courts have found such a difference exists where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under

>foreign law, or if novel and difficult questions of first impression are presented.

*Ryan* 444 F. Supp. 2d at 723–24 (quoting 4 AM. JR .2D *Appellate Review* § 128 (2005)). However, "simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Id.* at 724.

The Court finds there is a substantial grounds for a difference of opinion here. As the Court previously stated in a prior opinion, "many courts disagree on the scope of these provisions." Memorandum Opinion [125] at p. 5. *Compare Copper Mountain, Inc. v. Indus. Sys., Inc.*, 208 P.3d 692 (Colo. 2009) (holding waiver of subrogation provision in AIA form agreement did not bar claims for damages to non-work property) *with Connecticut Interlocal Risk Mgmt. Agency v. Silktown Roofing, Inc.*, 2016 WL 1444111, (Conn. Super. Ct. 2016) (holding waiver extends to all property damage covered by property owner's insurance); *Lexington Ins. Co. v. Entrex Communication Services, Inc.*, 749 N.W.2d 124 (Neb. 2008) (same); *Board of Commissioners v. Teton*, 30 N.E.3d 711 (Indiana 2015) (same). Neither the Fifth Circuit nor a Mississippi court has determined, in a binding, published opinion, the extent of the waiver of subrogation provision here. The Court is satisfied that there is a substantial difference in opinion on this question.

### 3. Will an appeal materially advance the ultimate termination of the litigation?

Finally the court must decide whether an appeal will materially advance the termination of this litigation. A district court, in evaluating this criterion, should consider "whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013) (internal quotations omitted).

As stated earlier, if the Court of Appeal were to determine that the waiver of subrogation applies to all damages, Liberty Mutual would have no subrogation rights for the damages it seeks. An appeal, would therefore, eliminate the need for a trial in this matter.

**Conclusion**

Having found that the criteria of § 1292(b) are met, the Court finds that the orders denying Defendants motion for summary judgment and motion for reconsideration should be certified for interlocutory appeal. The Court takes no position on whether the Court of Appeals should certify any question to the Mississippi Supreme Court.

An order in accordance with this opinion shall issue.

This, the 7th day of May, 2018.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE