IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LIBERTY MUTUAL FIRE INSURANCE　　　　　　　　　　　　　　PLAINTIFF
COMPANY, as subrogee of Chickasaw
County School District

VS.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.: 1:17-CV-00010-GHD

FOWLKES PLUMBING, LLC, ET AL.　　　　　　　　　　　　　　DEFENDANTS

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Presently before the Court is the Plaintiff Liberty Mutual's motion to alter or amend judgment [169]. Upon due consideration, the Court finds that the motion should be denied.

In July 2018, this Court ruled on the Defendants' motion for summary judgment in this matter [114, 115]. Because the motion addressed a matter of first impression under Mississippi law, the Defendants requested an interlocutory appeal to the Fifth Circuit Court of Appeals regarding the scope of the subject subrogation waiver [127]. This Court authorized an interlocutory appeal, which the Fifth Circuit ultimately accepted, and subsequently stayed this case pending the outcome of the Defendants' appeal [138, 151, 157, 163]. Because the issue presented was one of first impression, the Fifth Circuit certified the question regarding the scope of the subject clause to the Supreme Court of Mississippi, which that court agreed to address. The Supreme Court of Mississippi answered the submitted question in the Defendants' favor.

The Fifth Circuit then issued an opinion and judgment ruling that the Mississippi Supreme Court's determination provides the Defendants in this matter "with a complete defense to this subrogation suit" and specifically rendered judgment in the Defendants' favor and dismissed the Plaintiff's complaint [167]. *Liberty Mutual Fire Ins. Co. v. Fowlkes Plumbing, L.L.C.*, 796 Fed. Appx. 851 (5th Cir. Mar. 9, 2020). The Fifth Circuit then issued its mandate on April 8, 2020. In accordance with the Supreme Court of Mississippi's answer to the certified

question and the Fifth Circuit's opinion and mandate, this Court then on April 14, 2020, entered judgment in favor of the Defendants, dismissed the Plaintiff's complaint, and closed this matter [168].

It is axiomatic that a federal district court must follow its circuit court's orders, judgments, and view of the law. *Beam v. Estelle,* 558 F.2d 782, 784 (5th Cir. 1977). In the case *sub judice*, the Fifth Circuit issued an opinion and judgment that, in no uncertain terms, rendered judgment in favor of the Defendants and directed this Court to enter judgment accordingly [167]. The Fifth Circuit did not remand the case to this Court for any further merits-based proceedings, but rather rendered judgment and directed this Court to enter a final judgment in accordance with the Fifth Circuit's mandate [167]. Despite the Plaintiff's assertion that the Fifth Circuit "committed manifest error of law and of fact" and that it has made an "erroneous determination" in its opinion and judgment, this Court does not sit in appellate review of the Fifth Circuit's rulings. See, e.g., *Deutsche Bank Nat'l Trust Co. v. Burke*, 902 F.3d 548 (5th Cir. 2018) (holding that "[t]he mandate rule requires a district court on remand to effect mandate and to do nothing else."); *Fuhrman v. Dretke*, 442 F.3d 893, 896-97 (5th Cir. 2006) (holding that a "district court is not free to deviate from the appellate court's mandate."). Accordingly, the Plaintiff's motion to alter or amend judgment is denied.

IT IS, THEREFORE, hereby ORDERED that the Plaintiff's motion to alter or amend judgment [169] is DENIED; in addition, the pending notice and motion regarding oral argument [180] and to strike sur-reply [182] are DENIED.

ORDERED, this the 14th day of July, 2020.

*Glen H. Davidson*
SENIOR U.S. DISTRICT JUDGE

-2-